**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Jeff A. Baird, D.O., | ) | No. CV 11-00582-PHX-FJM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Michael J. Astrue, Commissioner of Social Security Administration, | ) | |
| Defendant. | ) | |

The court has before it plaintiff's motion to remand (doc. 13), defendant's objection (doc. 14), and plaintiff's reply (doc. 15). Plaintiff requests remand to the Social Security Administration pursuant to 42 U.S.C. § 405(g). This statute provides for judicial review and requires the Commissioner to "file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based." 42 U.S.C. § 405(g).

42 U.S.C. § 405(g) provides two methods by which we may remand. Pursuant to sentence four, we "have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." § 405(g). A sentence-six remand may be ordered "where the [Commissioner] requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented

before the agency." Shalala v. Schaefer, 509 U.S. 292, 297 n.2, 113 S. Ct. 2625, 2629 n.2 (1993). "[I]n § 405(g) actions, remand orders must either accompany a final judgment affirming, modifying, or reversing the administrative decision in accordance with sentence four, or conform with the requirements outlined by Congress in sentence six." Melkonyan v. Sullivan, 501 U.S. 89, 101-02, 111 S. Ct. 2157, 2165 (1991).

Sentence four authorizes us to enter judgment with or without a remand order, not a remand order with or without a judgment. Schaefer, 509 U.S. at 297, 113 S. Ct. at 2629. A remand under this sentence must include entry of judgment after considering the administrative record. In this case, plaintiff requested reservation of a sentence four argument, so it is premature to enter judgment.

The plaintiff, not the Commissioner, requests remand in this case, and does so after the Commissioner has already answered. There is also no showing of new, material evidence. Medical expert Grodan's testimony is filled with inaudible portions. These portions are immaterial, though. Many of the partial quotations are understandable, particularly in light of the fact that the ALJ or plaintiff's counsel asked him to repeat an answer or rephrased his testimony. E.g., Tr. at 90 l. 25, 94 ll. 5-13, 98 ll. 3-7. In addition, the ALJ's decision is supported by the understandable portion of Grodan's testimony and other evidence in the record. See Drejka v. Comm'r of Social Security, 61 F. App'x 778, 783-84 (3rd Cir. 2003) (remand unnecessary because "inaudibles" were immaterial, as the rest of the vocational expert's testimony supported the ALJ's finding that plaintiff was not disabled). Sentence six of § 405(g), therefore, is inapplicable.

**IT IS ORDERED DENYING** plaintiff's motion to remand (doc. 13).

DATED this 22nd day of December, 2011.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge